IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GEORGIA GLOVER AND NORMAN GLOVER. <br><br> *Plaintiffs*, <br><br> v. <br><br> WAL-MART STORES TEXAS, L.P., d/b/a WALMART, AND WIN HOLT EQUIPMENT CORPORATION <br> *Defendant*s | § § § § § § § § § § § <br><br> Civil Action No.  SA-15-CV-489-XR |

**AMENDED ORDER**

On this day, the Court considered its jurisdiction over this case. After careful consideration, Defendant is ORDERED to show cause in writing that complete diversity of the parties exists.

On May 6, 2015, Plaintiffs Georgia Glover and Norman Glover filed an Original Petition in the 150th Judicial District Court in Bexar County, Texas.  Docket no. 1-1. Defendant Wal-Mart Stores Texas, L.P. ("Walmart LP") removed the case to this Court on June 12, 2015 with Defendant Win Holt Equipment Corporation's ("Win Holt") consent on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  It is settled that § 1332 requires complete diversity of the parties. *Stiftung v. Plains Mktg.*, L.P., 603 F. 3d 295, 297 (5th Cir. 2010).  The Glovers are citizens of Texas.  Docket no. 1.  Defendant Walmart LP's Notice of Removal alleges: 1) Win Holt is a corporation that "upon information and belief, is not a Texas citizen and is diverse from" the Glovers, *id.* at ¶ 9; 2) Walmart LP is not a properly named party because it "ceased to exist as an entity on June 30, 2007, when it merged with

1

Wal-Mart Stores Texas, LLC" ("Walmart LLC"), *id*. at ¶ 8; 3) even if it was properly named, Walmart LP was not and is not a Texas citizen; and 4) although it is not a party at this time, Walmart LLC is not a Texas citizen and is diverse from the Glovers, as it is "formed under the laws of the State of Delaware with its principal place of business in the State of Arkansas," *id*. at n.1.

For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988). The party asserting federal jurisdiction must "distinctly and affirmatively allege" the citizenship of the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *see also Mullins v. TestAmerica, Inc*., 564 F.3d 386, 397 (5th Cir. 2009). The party removing the case bears the heavy burden of establishing jurisdiction. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008).

Stating Win Holt "upon information and belief, is not a Texas citizen and is diverse from" the Glovers does not "distinctly and affirmatively allege" Win Holt's citizenship. The Notice of Removal does not affirmatively plead the citizenship of Win Holt. The Court therefore has insufficient information to determine whether it has subject matter jurisdiction. Walmart LP has not met its heavy burden of establishing jurisdiction.[1]

Walmart LP is therefore ORDERED to file an Amended Notice of Removal that adequately pleads a basis for this Court's jurisdiction no later than July 2, 2015. *See* 28 U.S.C. § 1653 ("[d]efective allegations of jurisdiction may be amended"); *Whitmire v. Victus Ltd.*,

---

[1] Additionally, the citizenship of a limited liability company is determined by the citizenship of each one of its members. *Alsobrook v. GMAC Mortgage, L.L.C.*, 12-10623, 2013 WL 3929935 (5th Cir. July 31, 2013). Accordingly, if any member of Walmart LLC is a Texas resident, complete diversity will not exist if Walmart LP and Walmart LLC eventually argue Walmart LLC is the properly named defendant in this case or Plaintiffs amend their complaint to name Walmart LLC. Walmart LLC's members are not named and their citizenship is not alleged in the Notice of Removal.

2

212 F.3d 885, 887-88 (5th Cir. 2000). This Order addresses defects in subject-matter jurisdiction only, and it does not relieve Plaintiffs of their obligation to raise any procedural defects in removal within the thirty-day timeline prescribed by § 1447(c), should they desire to seek remand on the basis of a procedural defect.

It is so ORDERED.

SIGNED this 22nd day of June, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE